TYLER W. PARKER, as Executor, etc., Respondent, v. JOHN W. WARTH, Appellant.

5h   417<br>38 Mis 118

*Order striking out answer — appeal from, after entry of judgment upon.*

No appeal lies from an order striking out an answer as frivolous, and directing judgment for the plaintiff, after judgment has been entered thereon. If the defendant desires to review the order, he must appeal from the judgment.

MOTION to dismiss an appeal from an order striking out defendant's answer.

*J. W. Judson*, for the appellant.

*Geo. W. Van Slyke*, for the respondent.

BRADY, J.:

The appeal taken in this case must be dismissed. The answer was, on motion, stricken out as frivolous, and judgment ordered for the plaintiff. Judgment was entered, and thereafter this appeal was taken, not from the judgment, but the order upon which it was

based. Many decisions affecting the subject, namely, whether the appeal may be from the order, or should be from the judgment, have been made, which are some times in conflict and some times reconcilable. A collection of them may be found in Wait's Practice (vol. 3, pp. 593, 594, 595), to which the curious student is referred. The cases in which, as there stated, the appeal from the order has been upheld and advocated, are those in which a further answer was permitted, and in which, consequently, no judgment was ordered in the first instance. Many adjudications will also be found there grouped, holding that when judgment is ordered, the appeal must be from it. It will be found also that the appeal has been sustained, when it is taken before the judgment is entered; a distinction which may well be made, although the efficacy of the appeal, unless a stay of proceedings is obtained, may well be doubted. Section 349 of the Code provides for an appeal from an order in any stage of the action, including proceedings supplementary to execution, but the action *eo nomine* ceases with the judgment. The right is then determined, and all that remains to be done is to enforce payment, or compel the performance of what the judgment decrees shall be done. Here there was no stay of the action when the appeal was taken. It had ended, and in the judgment the order was merged, leaving the defendant to his remedy by appeal from the judgment alone, which would necessarily bring up the order of which it was predicated. This is the rational view of the section, and is in accord with the adjudications referred to in Wait (*supra*), holding that where, as in this case, judgment is ordered and entered, the appeal cannot be taken from the order only.

If the appeal be from the order, no stay of proceedings relating to it would prevent the plaintiff from collecting the judgment; to prevent that there must be a stay of the judgment itself; and the Code makes no provisions for a stay of proceedings upon the judgment rendered on an appeal, taken after the entry of judgment, from an interlocutory order granted pending the action. All the consequences of a judgment, therefore, seem to be in hostility to an appeal from an order made in the action prior to the judgment rendered, and from which no appeal was taken until after the judgment was perfected.

The motion to dismiss must for these reasons be granted, with ten dollars costs.

DAVIS, P. J., and DANIELS, J., concurred.

Motion granted, with ten dollars costs.